James HOWARD, Plaintiff-Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–6189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1985.

Decided Feb. 14, 1986.

Walter R. Larsen, Santa Barbara, Cal., for plaintiff-appellant.

Michael R. Bower, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, ALARCON and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Appellant James Howard brought this action under 42 U.S.C. § 405(g) (1982) after the Social Security Administration denied his application for disability benefits. The District Court, 594 F.Supp. 457, determined that substantial evidence supported the administrative decision and granted summary judgment for the defendant. We reverse.

**I**

Howard was born on July 29, 1927 and completed the seventh grade. He has held jobs as a skilled carpenter and as a layer, sander and finisher of hardwood floors. A congenital speech impediment makes his voice nasal and difficult to understand. Since September 14, 1974, he has been unemployed.

Howard's claim of complete disability rests upon the allegation that since 1974 he has been afflicted with continual debilitating pain. According to his testimony, he underwent back surgery in 1964 and, after a nine-month convalescence, resumed work despite pain in his back and legs. Howard testified that this pain steadily worsened until he developed a constant burning sensation on the soles of his feet that made it excruciating to stand or to walk short distances. Finally, the pain forced him to quit his long-time floor-installation job on September 14, 1974. Since then, he claims that he has continued to suffer from burning feet as well as incapacitating headaches, arthritis of the back, and bursitis of both shoulders. As a result, he stated that he could not bend, stoop, or lift objects weighing more than ten to fifteen pounds; furthermore, three to four times a day, he has to lie down and elevate his feet for a twenty-minute period. Howard also admitted in his testimony that since 1980 he has engaged in wide-ranging travel around North America in a motor home. Although he drives himself, he stops frequently to do floor exercises recommended to him by his doctor.

The medical evidence presented to the ALJ consisted of the diagnoses and observations of nineteen doctors, each a specialist with the exception of Howard's treating physician. The doctors suggested various theories that could account for Howard's symptoms: the diagnoses included chronic solvent syndrome, an obstructive respiratory condition that results from long exposure to toxic fumes and dusts; residual spinal scarring due to Howard's back surgery in 1964; and a pre-diabetic condition akin to hypoglycemia. Although the doctors did not offer identical explanations for Howard's pain, and some discovered no abnormality within their fields of expertise, only one, a hypnotherapist, opined that Howard exaggerated his pain. Howard's family physician, the only non-specialist to testify, expressed the opinion that Howard was incurably disabled.

Finally, a vocational expert testified that Howard could perform light, unskilled labor in a solvent-free environment. He further testified that work compatible with

Howard's environmental limitations was available in the local economy.[1]

The Administrative Law Judge (ALJ) found Howard's testimony about his pain to be credible. The ALJ also found based upon Howard's testimony and the medical evidence as follows:

> Claimant has severe impairments in that he has a severe solvent syndrome and aversion to wood and tile dust, complicated by a moderately severe respiratory obstructive disease.

> Claimant's impairments create severe burning of the feet and headaches upon exposure to said solvents, and that such solvents are present nearly everywhere in industry; that claimant suffers from a cleft pallet; and that claimant would be incapable of making the adjustment necessary to turn to a sales or office job in light of his education, age, and lack of skill transferability.

The ALJ concluded that Howard had a residual functional capacity for sedentary work, but that his impairments prevented him from performing any of the sedentary work existing in the national economy. The ALJ discounted the vocational expert's identification of specific light, unskilled jobs that Howard could perform in industry on the ground that it was inconsistent with the expert's further testimony that fumes are ubiquitous in industrial workplaces. Accordingly, he ruled that Howard was entitled to disability benefits.

The Appeals Council reversed. The Council refused to adopt the ALJ's finding that Howard's testimony was credible on the ground that the medical evidence failed to show "any significant impairment which could cause such alleged pain." The Council also cited Howard's travel as a reason for disbelieving his testimony about headaches and burning sensations in his feet. Although the Appeals Council acknowledged that Howard could not return to his past relevant work as a carpenter and installer of hardwood floors, it found that he had the residual functional capacity to perform light work activity. Accordingly, it determined that Howard was not disabled and set aside the ALJ's award of benefits.

## II

The claimant has the burden of proving disability within the meaning of the Social Security Act. *See Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir.1985); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971). A compensable disability must result from "anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) (1982). Once the claimant has established a prima facie case of disability by showing that a physical or mental impairment prevents him from engaging in his previous employment, the burden shifts and "it is incumbent on the Secretary to show that there are other types of work which the claimant is capable of doing." *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir.1978) (citations omitted); *accord Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir.1985).

■ This court must affirm the Secretary's finding that a claimant is not disabled if it is supported by substantial evidence in the record. 42 U.S.C. § 405(g) (1982); *Benitez v. Califano*, 573 F.2d 653,

---

1. When a claimant's exceptional, non-exertional limitations fall outside the scope of the Secretary's medical-vocational guidelines (the grids), the availability of work that he can perform in lieu of his prior job may not be determined solely by reference to the grids. *Kail v. Heckler*, 722 F.2d 1496 (9th Cir.1984). Past opinions of this court have recognized that pain and an inability to tolerate toxic fumes constitute non-exertional limitations not comprehended within the grids. *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir.1985) (pain); *Kail*, 722 F.2d at 1498 (fumes). Accordingly, in determining the availability of alternative employment compatible with Howard's limitations, the Secretary could not rely on the grids but was required to put on a vocational expert fully apprised of Howard's condition. Despite the Secretary's compliance with this requirement, and despite the expert's testimony that Howard could perform locally available shipping, receiving, and security positions, Howard maintains on appeal that the Appeals Council improperly relied on the grids. Although we rule for Howard on other grounds, *see infra* at pp. 1486–1488, we reject this contention.

655 (9th Cir.1978). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted); *accord Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir. 1980). In assessing whether a finding is supported by substantial evidence, we must consider the record as a whole. *See Universal Camera Corp. v. N.L.R.B*, 340 U.S. 474, 492–97, 71 S.Ct. 456, 466–69, 95 L.Ed. 456 (1951).

### III

■ Howard's claim to disability benefits turns mainly on whether his testimony about pain is believed. The ALJ, who observed Howard testify, believed that he testified truthfully and that he had severe impairments that could account for the pain. The Appeals Council, after reviewing the cold record, chose not to believe Howard. We recognize that our task is to review the decision of the Appeals Council under the substantial evidence standard, not the decision of the ALJ. We also recognize that the ALJ's credibility findings are not binding on the Council. *Beavers v. Secretary of H.E.W.*, 577 F.2d 383, 387–88 (6th Cir.1978); *cf. Penasquitos Village, Inc. v. N.L.R.B.*, 565 F.2d 1074, 1079 (9th Cir.1977). However, we agree with the Sixth Circuit's decision in *Beavers* that when the Council exercises its power to reject the credibility findings of an ALJ, it must state its reasons for doing so, and the

reasons must be based upon substantial evidence in the record. *See Beavers*, 577 F.2d at 388;[2] *cf. Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983) (when the ALJ disregards the opinion of the claimant's treating physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") In following *Beavers*, we heed the Supreme Court's pragmatic recognition that although the substantial evidence standard does not change merely because the Appeals Council and the ALJ diverge, "evidence supporting [the Council's] conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn [different] conclusions." *Universal Camera*, 340 U.S. at 496, 71 S.Ct. at 469; *see also Turner v. Heckler*, 754 F.2d 326, 330 (10th Cir.1985); *Beavers*, 577 F.2d at 387.

■ In this case the Appeals Council's stated reasons for rejecting the ALJ's credibility finding fail to meet the *Beavers* test. The Council simply concluded that it found "no evidence of any significant impairment" which could cause the pain. Its statement of reasons contains no analysis of—indeed no reference to—the ALJ's detailed findings of severe impairments. Nor does the Council discuss the extensive medical evidence that the ALJ relied upon. The Council merely singled out the testimony of the hypnotherapist who doubted that Howard actually suffered from the pain he described.[3] We believe this is an inade-

---

2. We recognize that a recent panel of the Sixth Circuit, without mention of *Beavers*, formulated a less deferential test that in effect compels the court to reinstate the ALJ's original determination whenever it is supported by substantial evidence. *See Newsome v. Secretary of H.H.S.*, 753 F.2d 44 (6th Cir.1985) (discussed in *Townsend v. Secretary of H.H.S.*, 762 F.2d 40, 43 (6th Cir.1985) ). It remains uncertain whether *Newsome* was a formal repudiation of *Beavers* or just an inadvertent departure. However the Sixth Circuit chooses to resolve the emerging conflict in its cases, we choose to follow *Beavers*. We think it strikes the proper balance between the statutory standard enjoining deference to the Secretary's findings of facts "if sup-

ported by substantial evidence", 42 U.S.C. § 405(9)(1982), and the traditional respect accorded to credibility determinations of the trier of fact.

3. The Appeals Council's ultimate finding of no disability relies in large part on the vocational expert's opinion that Howard could perform certain solvent-free jobs. However, the Council does not cite the vocational evidence as support for its earlier rejection of the ALJ's credibility finding. Nor could the Council logically do so, for the suitability of alternative available employment presupposes the claimant's limitations and thus could not form a basis for judging whether claimed limitations in fact exist.

quate statement of reasons for rejecting the credibility finding of the ALJ.

 Although we have held that "subjective complaints [of pain] must be accompanied by medical evidence," *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir.1985), and that such complaints may be disregarded if they are unsupported by clinical findings, *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir.1984), we have never required that the medical evidence identify an impairment that would make the pain inevitable. As the Sixth Circuit reasoned in *Beavers*, if such a requirement were imposed, "there would be no occasion for subjective, personal testimony in a disability hearing." 577 F.2d at 386. Furthermore, requiring that pain be corroborated by such rigorous proof would overlook the fact that pain is a highly idiosyncratic phenomenon, varying according to the pain threshold and stamina of the individual victim. *Id.* Finally, to find Howard's claim of disability gainsaid by his capacity to engage in periodic restricted travel, as the Council seems to have done, trivializes the importance that we consistently have ascribed to pain testimony. *See Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir.1985) (enforcing Secretary's stated policy that examiners make specific credibility findings regarding pain testimony); *Murray v. Heckler*, 722 F.2d at 502 (same); *Nyman v. Heckler*, at 531 (recognizing that ALJ's assessment of claimant's pain level is entitled to great weight).[4]

## CONCLUSION

We conclude that the Appeals Council's stated reasons for rejecting the ALJ's credibility finding are inadequate. Accordingly, we remand the case to the Appeals Council for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

4. We find support for our conclusion in the language of the recently enacted Social Security Disability Reform Act, Pub.L. 98–460, 98 Stat. 1794 (1984). In relevant part, the 1984 Act provides that "an individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" and goes on to require medical findings demonstrating an impairment "which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5)(A). We do not read this to mean either that pain must be excluded altogether from the disability calculation or that the medical evidence must be conclusive. Instead, Congress clearly meant that so long as the pain is *associated* with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability.