**Josefa MENDOZA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C–87–2376 SAW.**

United States District Court, N.D. California.

July 20, 1988.

Susan Pena, San Francisco, Cal., for plaintiff.

Joseph Russoniello, Mary Beth Uitti, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff Josefa Mendoza brings this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of the final decision of defendant Secretary of Health and Human Services denying her application for Supplemental Security Income (SSI) disability benefits.

The Court's role in reviewing the Secretary's decision is limited. A denial of benefits cannot be set aside unless "the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Substantial evidence means more than a mere scintilla; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Plaintiff's principal objection to the ALJ's findings is that the ALJ failed properly to consider that constant pain placed significant limitations on plaintiff's ability to perform work-related activities. Plaintiff testified at the administrative hearing that her left arm is numb, that her fingers are swollen, and that any activity aggravates the constant pain she experiences in her back, chest, shoulders and arms. She also has headaches and stomach pains. Plaintiff further testified that she is able to walk only three blocks, becomes fatigued and dizzy after standing for half an hour, and experiences low back pain after sitting for fifteen minutes to an hour. Sometimes she must spend from two hours to half a day in bed to alleviate the pain. Transcript [TR] at 15, Supplemental Transcript at 366–70.

■ Such subjective complaints of pain must be supported by medical evidence. *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir.1986); 20 C.F.R. § 404.1529 (1987). Here, the medical findings established impairments which normally would cause a certain amount of moderate pain. TR 223–24, 294 (osteoarthritis of the knees and lumbar spine: knee and back pain); TR 148, 266 (arteriosclerotic heart disease with angina pectoris: left arm numbness and chest pain). However, the ALJ held that the amount of pain supported by the evidence did not preclude plaintiff's returning to her former work as a seamstress. TR at 18, ¶ 3.

 Plaintiff's testimony, however, was of pain at a higher, more severe and constant, level than that indicated by her medical findings. Supplemental Transcript at 366–70. While the Secretary is free to disbelieve plaintiff's testimony about such so-called "excess pain," he must make specific findings justifying that decision. *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986). Testimony about excess pain may not be discredited solely on the ground that it is not corroborated by objective medical findings. *Id.* Rather, the ALJ must make other specific findings, supported by substantial evidence, that the testimony about excess pain is not credible. *Id.*

Here, the ALJ found (1) that plaintiff's claims of constant pain were "inconsistent with her daily activities" and (2) that plaintiff's medical conditions could not reasonably be expected to produce these symptoms. TR at 17, 18. As a matter of law, it was improper for the ALJ to rely solely on the second ground. *Cotton,* 799 F.2d at 1407–08. The first ground is not supported by substantial evidence.

Plaintiff provided ample testimony about her pain symptoms and the limitations they place on her activities. The ALJ did not find that this testimony was contradictory nor unsupported by any medical evidence. *See Nyman v. Heckler,* 779 F.2d 528, 531 (9th Cir.1985). Rather, he discredited the testimony through recharacterization of plaintiff's statements about her daily activities. Thus, plaintiff's testimony that she occasionally can do her household chores "little by little," TR 374, serves as the basis for concluding that she can perform light housework. TR 16. From her testimony that she does her shopping a little at a time at a store one-half block from her house, TR 378–79, and cannot carry anything heavy, TR 387, the ALJ determined that "she is able to go shopping as needed." TR 16. Testimony that she becomes fatigued when combing her hair, TR 374, is reported as an ability to "maintain her personal grooming." TR 16.

 To discredit plaintiff's claim of disability on this basis trivializes the importance that the Courts and Congress have ascribed to pain testimony. *Howard,* 782 F.2d at 1488 & n. 4. The ALJ's determination that plaintiff's claims of severe and constant pain were not credible is unsupported by substantial evidence. The Secretary's decision must therefore be reversed.

 The ALJ further failed to consider the combined effects of plaintiff's physical and mental impairments in assessing the credibility of her allegations of disabling pain. An evaluation of plaintiff in February, 1986 by psychologist Ronald Johnson found that her anxiety and depression were "signalled in somatic [physical] terms." TR 243. When the ALJ determined that plaintiff complained of pain which was disproportionate to the medical findings regarding her physical impairments, he failed to address the combined effect of physical and mental impairments on her experience of pain. The failure to do so is legal error and also requires reversal. *See Sprague v. Bowen,* 812 F.2d 1226, 1231 (9th Cir.1987).

Accordingly,

IT IS HEREBY ORDERED that:

(1) defendant's motion for summary judgment is denied;

(2) plaintiff's motion for summary judgment is granted;

(3) the final decision of the Secretary of Health and Human Services is reversed;

(4) the case is remanded to the Secretary of Health and Human Services to calculate and disburse benefits to plaintiff, retroactive to her December 12, 1984 application, within ninety (90) days of this order;

(5) the Secretary shall withhold twenty-five (25) percent of all retroactive benefits, including those payable under Title XVI, for direct payment to plaintiff's attorney of record, pending approval;

(6) the parties shall bear their respective costs.