Josefa MENDOZA, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

No. C–87–2376 SAW.

United States District Court,
N.D. California.

Nov. 21, 1988.

Susan Pena, San Francisco, Cal., for plaintiff.

Joseph Russoniello, U.S. Atty., Mary Beth Uitti, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Defendant Secretary of Health and Human Services moves for reconsideration of the Court's Judgment in this case, which was entered on July 25, 1988. The Court granted summary judgment for the plaintiff Josefa Mendoza on appeal of the Secretary's denial of her application for Supplemental Security Income (SSI) disability benefits. The Court considers defendant's motion pursuant to Federal Rules of Civil Procedure 60(b)(1), and 60(b)(6).

Defendant has not presented any new evidence to undermine the Court's conclusion that the Administrative Law Judge (ALJ) improperly discounted plaintiff's claims of severe and constant pain. *See* Memorandum and Order, 701 F.Supp. 1468, 1469–70 (N.D.Cal.1988). Moreover, as there is substantial evidence on the record as a whole that plaintiff is disabled within the meaning of the Social Security Act, the appropriate remedy is reversal with instructions to award benefits to the claimant, rather than remand for further proceedings. *Varney v. Secretary of Health*

*and Human Services,* 859 F.2d 1396, 1401 (9th Cir.1988); *Gallant v. Heckler,* 753 F.2d 1450, 1457 (9th Cir.1984).

Plaintiff now has filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and the defendant has filed an opposition.

■ Plaintiff, as the prevailing party, is entitled to an award of attorneys fees unless the Court finds that the Secretary's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court recently has defined the phrase "substantially justified," as used in the Equal Access to Justice Act, to mean "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2550–51, 101 L.Ed.2d 490 (1988). Thus, if the defendant's position had a "reasonable basis both in law and fact," then attorneys fees should not be awarded to plaintiff.[1] *Id.,* 108 S.Ct. at 2550.

■ The ALJ in this case relied on two grounds, neither of which provided a reasonable basis for his decision.[2] Memorandum and Order of July 20, at 2–4. The ALJ discounted plaintiff's testimony of constant pain symptoms merely by recharacterizing that testimony so as to find her capable of "normal daily activities." Transcript (TR) at 16; Memorandum and Order of July 20, at 2–4. This summary mischaracterization trivializes the importance that the Courts and Congress have ascribed to pain testimony. *Howard v. Heckler,* 782 F.2d 1484, 1488 & n. 4 (9th Cir.1986); 20 C.F.R. § 404.1529 (1987). Furthermore, the ALJ's conclusions were unreasonable and logically inconsistent given that he, without finding contradictions in the testimony, relied on certain portions, lifted out of context, to discredit and disregard other portions. It makes no sense that the ALJ ignored without discrediting competent evidence in the record to reach an opposite

result. *Varney v. Secretary of Health and Human Services,* 859 F.2d at 1398.

■ Second, as a matter of law, the ALJ cannot rely solely on medical findings of plaintiff's condition to show that they could not reasonably be expected to produce plaintiff's symptoms of constant pain. *Cotton,* 799 F.2d at 1407–08. The Secretary therefore has not demonstrated a reasonable basis for its decision to deny plaintiff's application for disability benefits.

Defendant contends that plaintiff counsel's fee request reflects an excessive number of hours spent working on this case. The itemized time sheet which plaintiff's counsel has submitted, compiled from contemporaneous work records, shows a total of 60.5 hours of attorney time and seeks compensation at the maximum statutory rate of $75 per hour. 28 U.S.C. § 2412(d)(2)(A).

■ A party claiming fees has the burden of documenting the reasonable hours expended and should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart,* 461 U.S. 424, 433–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983). The party must exercise "billing judgment" with respect to hours included in this fee calculation. *Id.* at 437, 103 S.Ct. at 1941.

Based upon review of plaintiff counsel's affidavit, the record for this case, and the lack of any novel issues, the Court concludes that counsel reasonably expended 50 hours on plaintiff's case. The Court commends counsel on the thorough brief in support of her client's summary judgment motion, but feels that the brief and the reply brief could have been more expeditiously prepared. *See Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 953–955 (1st Cir. 1984).

---

1. This standard raises no presumption that the defendant's position is not substantially justified merely because the defendant's position on the merits was unsuccessful.

2. To discredit plaintiff's claims of "excess pain" the ALJ must make specific findings justifying that decision. *Varney v. Secretary of Health and Human Services,* 846 F.2d 581 (9th Cir.1988); *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986).

Defendant is correct that the Secretary may not be ordered to withhold a portion of the past-due SSI benefits for payment of attorney's fees. *Bowen v. Galbreath,* —— U.S. ——, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988). The Court's judgment must therefore be modified accordingly.

Finally, defendant requests the Court to modify the requirement that the SSI benefits due to plaintiff be calculated and disbursed within ninety (90) days of the Court's entry of judgment. Judgment, ¶ 4. Defendant has established sufficient cause why this requirement is unduly burdensome. The Court fully expects, however, that defendant will proceed to award SSI benefits to plaintiff promptly and without delay.

Accordingly,

IT IS HEREBY ORDERED that the Court's Judgment of July 25, 1988 is modified as follows:

(1) paragraph four: delete "within ninety (90) days of this judgment" and substitute "promptly and without delay".

(2) paragraph five: delete present text and substitute "The Secretary, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, shall remit promptly to plaintiff's counsel attorney's fees and costs as follows:

Susan Pena          Fees:  $3,750.00
                    Costs: $   45.84"

(3) paragraph six: delete present text.

IT IS FURTHER ORDERED that in all other respects defendant's motion for reconsideration is denied.

