32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty J. WEHR, Plaintiff-Appellant,
v.
Donna E. SHALALA*, Secretary of Health &
Human Services, Defendant-Appellee.
 No. 92-36841.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1994.*
Decided Aug. 3, 1994.
 
 Before: TANG, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Betty Wehr appeals the district court's judgment affirming the Secretary's final decision that Wehr was not entitled to disability insurance benefits pursuant to the Social Security Act. Wehr contends that she is entitled to benefits because she cannot perform either past relevant work or other work identified by the Secretary. We reverse the district court's judgment and remand for award of benefits and attorney's fees.
 
 1. Wehr's Ability to Do Past Relevant Work
 
 3
 a. Crediting the Treating Physician's Opinions
 
 
 4
 Wehr contests the ALJ's assessment of two statements made by her treating physician, Dr. Soder, a vascular specialist. First, she contends that the ALJ improperly ignored Dr. Soder's February 1989 opinion that Wehr could not return to her past job as a food service manager because of her recurring attacks of thrombosis.[1] Second, she contends that, contrary to the ALJ's assertion, Dr. Soder's June 1989 statement, that Wehr's phlebitis alone did not totally disable her or prevent her from working, does not support the ALJ's conclusion that Wehr is not disabled. We agree.
 
 
 5
 First, the ALJ improperly disregarded Dr. Soder's February 1989 opinion. The ALJ must evaluate the treating physician's opinion, even if it is controverted by other evidence in the record. If he rejects a treating physician's controverted opinion, he must give specific and legitimate reasons for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987).
 
 
 6
 In this case, the ALJ did not mention Dr. Soder's opinion that as of February 1989, Wehr could not return to her past work, much less give specific, legitimate reasons for rejecting it. Thus, the ALJ's decision that Wehr could perform past relevant work is not supported by substantial evidence.
 
 
 7
 Second, Wehr is correct that Dr. Soder's June 1989 statement does not stand for the proposition that she can perform past relevant work. In discussing Wehr's alleged disability based on both the thrombophlebitis and her left ankle joint disease, the ALJ states that "Doctor Soder was not of the opinion the claimant would be prevented from performing her past relevant work."
 
 
 8
 However, Dr. Soder addressed only the effect of her phlebitis as of June 1989. He stated that the severity of Wehr's phlebitis on that date did not totally disable her or prevent her from working. He expressly deferred to Dr. Hayes regarding Wehr's left ankle condition and specifically refrained from drawing a conclusion as to Wehr's disability. While Wehr's thrombophlebitis may have lessened in June, it still could be severe enough in conjunction with her left ankle condition to render her disabled. Because Dr. Soder did not address the effect of Wehr's left ankle on her alleged disability, the ALJ erred in concluding that Wehr is not disabled based on Dr. Soder's opinion.
 
 
 9
 b. Crediting Wehr's Subjective Pain Testimony
 
 
 10
 "[P]ain testimony should be considered in the disability determination process 'so long as the pain is associated with a clinically demonstrated impairment.' " Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir.1988) ("Varney I ") (quoting Howard v. Heckler, 782 F.2d 1484, 1488 n. 4 (9th Cir.1986)).
 
 
 11
 The ALJ is required to "put forward specific reasons for discrediting a claimant's excess pain testimony." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1398 (9th Cir.1988) ("Varney II "). "The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible." Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir.1984).
 
 
 12
 The ALJ in this case stated that he relied on his "personal observation of the claimant, the testimony and the medical evidence" in disregarding Wehr's pain testimony. His primary reason for rejecting that testimony was that Wehr's daily activities were inconsistent with her claim of "pain of such a degree and intensity as to prevent her from performing substantial gainful work." The daily activities listed as inconsistent by the ALJ were such generalities as leaving her house three times per week, doing housework, and visiting friends on a daily basis.
 
 
 13
 However, Wehr testified, inter alia, that she sold her home and moved to a mobile home because she could no longer handle the housework, that she could only walk a block due to the pain in her legs, that she could work around her house for 15-20 minutes but then had to rest for 30 minutes, and that she had problems sitting with her legs down. That Wehr could engage in limited daily activities is not inconsistent with the above pain testimony, which would certainly affect her ability to perform a job requiring light or even sedentary work. Such pain is consistent with the seriousness of Wehr's documented ailments. The ALJ thus failed to properly credit Wehr's subjective pain testimony. Varney II, 859 F.2d at 1398.
 
 
 14
 Furthermore, the ALJ did not consider Dr. Soder's assessment of Wehr's medical condition. Wehr's pain testimony is consistent with Dr. Soder's conclusion that she cannot perform either sedentary work or light work such as her previous job as a food service manager. We thus conclude that Wehr is unable to perform her past relevant work.
 
 2. Wehr's Ability to Do Other Work
 
 15
 Wehr contends that the ALJ also erred in concluding that she could perform the five jobs that the vocational expert identified as within Wehr's functional capacity. Because the district court concluded that Wehr could return to past work, it did not evaluate this claim.
 
 
 16
 Wehr is categorized as a person of "advanced age" because she was at least 55 years old at the time of her most recent set of applications for disability benefits. 20 C.F.R. Sec. 404.1563(d) (1993). Agency regulations consider this age bracket "the point where age significantly affects a person's ability to do substantial gainful activity." Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir.1990) (quoting 20 C.F.R. Sec. 404.1563(d)).
 
 
 17
 The Secretary must conclude that a claimant of advanced age is disabled if the claimant has not acquired skills from past work that are transferable to skilled or semiskilled work. Terry, 903 F.2d at 1275.
 
 
 18
 Most important to this case, "[i]n order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. Sec. 404, Subpart P, App. 2, Sec. 201.00(f).
 
 
 19
 The Secretary concedes that the jobs identified by the vocational expert are in different industries and require different tools than that of Wehr's previous job as a food service manager. The vocational expert was unable to identify any jobs involving "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." Id. Thus, none of these jobs meet the statutory requirements protecting claimants of advanced age.
 
 3. Court's Discretion
 
 20
 This court's decision "whether to remand the case for additional evidence or simply to award benefits is within [the court's] discretion." Winans, 853 F.2d at 647 (citing Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987)). "Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney II, 859 F.2d at 1399 (internal citations omitted). We may also consider exceptional circumstances which compel payment of benefits. Terry, 903 F.2d at 1280.
 
 
 21
 Wehr's impairments are well-documented and supported by substantial evidence. Wehr first applied for benefits over six years ago. She is currently 63 years old. Further administrative proceedings would only serve to unnecessarily delay the receipt of benefits to which she is now entitled. Thus, we conclude that award of benefits is appropriate in this case.
 
 4. Attorney's Fees
 
 22
 Wehr seeks attorney's fees pursuant to 42 U.S.C. Sec. 406(b) and the Equal Access to Justice Act, 28 U.S.C. Sec. 2412, as amended. Because Wehr is a prevailing party, she is entitled to attorney's fees under these provisions.
 
 5. Conclusion
 
 23
 The district court judgment is REVERSED. This case is REMANDED for award of benefits and attorney's fees.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Soder described Wehr as suffering from the related impairments of phlebitis, thrombosis, and thrombophlebitis. For the purposes of this appeal, we group these three impairments together in our consideration of Wehr's disability claim, as the parties apparently do