125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald SHEPPARD, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-35568.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 8, 1997.
Filed September 30, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington, D.C. No. CV-95-00343-CI; Cynthia Imbrogno, Magistrate Judge, Presiding.
 
 
 2
 Before WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Donald Sheppard appeals a summary judgment in favor of the Commissioner of the Social Security Administration in his action seeking disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 We review de novo the district court's summary judgment. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, 117 S.Ct. 953 (1997). The decision of an Administrative Law Judge, however, must be affirmed if free of legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 
 
 6
 Sheppard objects to the hypothetical the ALJ posed to the vocational expert because it used the term "moderate limitation" without explaining the definition given to that term by state health department regulations. This is an illusory issue. The hypothetical was based on an evaluation by testifying physician Dr. McKnight, who used the term "moderate" as defined by Social Security Administration regulations, not the state regulations.
 
 
 7
 Sheppard argues that the ALJ erred by relying on Dr. McKnight's testimony because he was not the treating physician. He has little to complain of in this regard; Dr. McKnight's opinion was more favorable in that it identified more limitations than had Dr. Ashworth's. The only way in which it might be described as less favorable is that it used the Social Security Administration definition of "moderate." Dr. Ashworth's opinion, which used the state definition of 'moderate,' was to that extent in conflict with the opinion of the examining physician, Dr. Pollack. To reject the opinion of a treating physician that conflicts with that of an examining physician, the ALJ need not make specific findings with reasons based on substantial evidence in the record, if the nontreating physician relies on independent clinical findings that differ from the findings of the treating physician. Magallanes v. Bowen, 882 F.2d 747, 751 (9th Cir.1989). That is what Dr. Pollack did here.
 
 
 8
 Further, Sheppard did not present any evidence that the state's definition of "moderate" as "significant" makes it materially different from the federal definitions. The other evidence in the record indicates that the state's definition mirrors the federal one. Alongside Dr. Ashworth's opinion finding "moderate" limitations is a letter in which he describes Sheppard as "adequately oriented" and reports no "remarkable findings," [AR 199] as well as a lengthy report in which he finds almost none of Sheppard's skills to be impaired and describes Sheppard's only job-related limitation as a "reclusive pattern under stress." This report depicts an individual able to perform all the necessary functions of day-to-day life and to carry out job instructions "without limitation." AR 209-16. It is difficult to square this evidence with the definition of "moderate" that Sheppard invites us to adopt.
 
 
 9
 The state forms also support an inference that the state and federal definitions match. The forms use a five-step scale to describe limitations: (1) "No impairment"; (2) "Mild impairment," defined as "No significant interference with the ability to perform basic work-related activities"; (3) "Moderate impairment," defined as "Significant interference with the ability to perform one or more basic work-related activities"; (4) "Marked impairment," defined as "Very significant interference with the ability to perform one or more basic work-related activities"; and "Severe impairment," defined as "Inability to perform one or more basic work-related activities." [AR 179].
 
 
 10
 Viewed in context, the term "significant" appears to be used synonymously with "moderate." It is in the exact middle of the scale, two levels below "inability." It defies reason to suppose that state regulations recognize the absence of limitation, and three levels of extreme limitation, with no provision for medium limitations. The more rational interpretation is that a "significant" limitation, within the meaning of this scheme, is one that could otherwise be described as "moderate."
 
 
 11
 Finally, even if the state definition is more generous to claimants, substantial evidence supports the hypothetical's use of a classical definition of "moderate." Dr. Ashworth based his assessment on Sheppard's specific responses to diagnostic questions, without taking into account his contemporaneous finding that Sheppard was malingering. The ALJ had this finding before him, along with Sheppard's admission that he "lied a lot" and had lied to get out of the U.S. Navy, and Dr. Pollack's opinion that Sheppard tended to exaggerate his symptoms. The hypothetical's use of the term "moderate" therefore was supported by substantial evidence, and the ALJ was not required to use the specific phrasing Sheppard offered. See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir.1995), cert. denied, 117 S.Ct. 1356 (1996); Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989).[1]
 
 
 12
 We refuse to discredit the ALJ's careful and sympathetic weighing of the evidence by imposing rigid categories upon his actions. See Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984) (refraining from "second-guessing the determination of the ALJ with regard to the credibility of the medical testimony offered [and from] imposing burdensome procedural requirements that facilitate such second-guessing."). It was Sheppard's burden to prove his entitlement to benefits. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir.1986). We cannot say that the ALJ lacked substantial evidence to conclude that Sheppard failed to meet his burden.
 
 
 13
 AFFIRMED.
 
 SCHWARZER, Senior District Judge, dissenting:
 
 14
 I respectfully dissent.
 
 
 15
 Dr. Ashworth was the only treating physician (psychologist). Dr. Pollack was a one-time examining physician and Dr. McKnight was a nontreating, nonexamining physician. Thus, the Administrative Law Judge ("ALJ") could not reject Dr. Ashworth's opinion without stating clear and convincing reasons; indeed, he placed great weight on it.
 
 
 16
 Dr. Ashworth performed two psychological/psychiatric evaluations, in March 1992, and in June 1993. In both evaluations, he rated as "moderate" Sheppard's ability to exercise judgment and to make decisions, to relate appropriately to co-workers and supervisors, and to respond appropriately to and to tolerate pressures and expectations of a normal work setting. Both ratings were made on the standard form which, on the first page instructs the examiner to "determine the severity of each symptom based on the degree of the symptom's interference with the individual's ability to perform the basic work related activities of communicating and understanding and following directions." The form then lists five measures of severity, the median being "moderate," defined as "significant interference with basic work-related activities." In a further evaluation in August 1994, Dr. Ashworth rated Sheppard's ability to deal with stresses as "seriously limited."[1]
 
 
 17
 The ALJ's hypothetical question to the vocational expert asked him to assume that the individual was "moderately limited" with respect to (among other things) ability "to work in coordination with ... others ... to accept instructions or respond appropriately to criticism from supervisors." The vocational expert ("VE") answered that such an individual should function relatively well, "accepting the word moderate for its classical definition."
 
 
 18
 When asked on cross-examination whether there would be work for an individual whose symptoms cause significant interference with basic work-related activities, the vocational expert testified that if the absenteeism is excessive, probably not.
 
 
 19
 The ALJ did not reject Dr. Ashworth's evaluation and conclusions. Yet, in his question to the VE, he misstated Dr. Ashworth's opinion that Sheppard's symptoms significantly interfered with his ability to relate to coworkers and supervisors, and he completely omitted the limitation found by Dr. Ashworth on his ability to exercise judgment, make decisions and tolerate pressures. Thus, the ALJ's hypothetical misstated Dr. Ashworth's opinion and omitted material parts of it, and his decision ignored the testimony of the VE based on Dr. Ashworth's opinion.
 
 
 20
 The ALJ could, of course, have rejected Dr. Ashworth's opinion, in whole or in part, had he given sufficient reasons for doing so, but he did not. He could, on the basis of all the evidence in the record, have interpreted the facts bearing on Sheppard's mental impairments in ways that might have diminished the force of the findings on the state form (as the proposed memorandum attempts to do), but he didn't. He simply put a hypothetical question that was not supported by substantial evidence in the record.
 
 
 21
 The problem with this case is that the ALJ, while having found that Sheppard is unable to perform his past relevant work, treats the issue in his decision as turning on his ability to work (as does the memorandum disposition). The issue, however, once it is found that a claimant cannot return to his past work, is whether the Commissioner has sustained his burden of proving that there are jobs in the economy that the claimant, with whatever his limitations, is able to perform. That, of course, is the point of the VE's testimony on which the ALJ's findings rely. And that is why a hypothetical question which reflects the evidence reasonably accurately is a sine qua non.
 
 
 22
 I would remand for appropriate further proceedings.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We further note that Sheppard's phrasing was confusing. When first presented with the state definition of "moderate," the vocational expert responded: "I think that's a self-perpetuating argument that, you know, it's not going to be logically defendable." [AR 64]
 
 
 [1]
 There is no basis for finding that Dr. Ashworth did not intend to use "moderate" in conformity with the form's definition, or that he meant "mild" when he checked "moderate." He used what appears to be a standard official form (see, for example, the 1992 and 1993 evaluations of Sheppard on the same form by Donna Kraft, who also found moderate or marked limitations in the same categories) and one would have to presume that Dr. Ashworth was following directions when he checked the boxes