**Roosevelt CLARK, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.**

No. Civ. 98–1394–TC.

United States District Court, D. Oregon.

April 28, 2000.

---

decision of the Commissioner is reversed and the case is remanded for an award of benefits.

IT IS SO ORDERED.

## FINDINGS & RECOMMENDATION

COFFIN, United States Magistrate Judge.

Plaintiff, Roosevelt Clark, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner). The Commissioner denied plaintiff's application for disability benefits. For the reasons set forth below, the Commissioner's decision should be reversed.

Alan S Graf, Swanson Thomas & Coon, Portland, OR, for Roosevelt Clark, plaintiff.

William W Youngman, U.S. Attorneys Office, Portland, OR, Lucille G Meis, Javes Myung, Social Security Administration, Office of General Counsel, Seattle, WA, for Commissioner of the Social Security Administration, defendant.

## ORDER

HOGAN, District Judge.

Magistrate Judge Thomas M. Coffin filed his Findings and Recommendation on March 27, 2000. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1206 (8th Cir.1983). *See also Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo,* I find no error.

Accordingly, I ADOPT Judge Coffin's Findings and Recommendation. Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the

## SCOPE OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir.1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler,* 807 F.2d 771, 772 (9th Cir.1986). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, *Waters v. Gardner,* 452 F.2d 855, 858 n. 7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence.

*Ceguerra v. Secretary of Health and Human Services,* 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even "where findings are supported by substantial evidence, a decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." *Flake v. Gardner,* 399 F.2d 532, 540 (9th Cir.1968). *See also Allen v. Heckler,* 749 F.2d 577, 579 (9Th Cir.1984). Under sentence 4 of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## FACTUAL BACKGROUND

Plaintiff has a variety of physical ailments. In addition, a psychologist testified that plaintiff had impairments that met the Commissioner's listed impairments for depressive syndrome, personality disorders and substance abuse disorders. Tr. 78. The psychologist, Dr. Nance, also testified that plaintiff's difficulties in maintaining social functioning are marked and his deficiencies of concentration, persistence or pace are frequent. Tr. 80.

As discussed in more detail below, the ALJ found plaintiff disabled, but denied plaintiff benefits based on the finding that plaintiff's polysubstance addiction was a material factor contributing to the decision that plaintiff was disabled.[1]

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler,* 782 F.2d 1484, 1486 (9th Cir.1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months ..." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. §§ 404.1502, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." *Yuckert,* 482 U.S. at 140, 107 S.Ct. 2287; 20 C.F.R. §§ 404.1520(b), 416.920(9). In the present case, the ALJ found that claimant had not engaged in any substantial gainful activity since July 10, 1994.

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. *Yuckert,* 482 U.S. at 140–41, 107 S.Ct. 2287; 20 C.F.R. § 404.1520(c). In the instant case, the ALJ found that Claimant's impairments were severe: plaintiff had severe degenerative joint disease, foot disorders, and polysubstance addiction; plaintiff had also been diagnosed with depression and personality disorders, but the ALJ stated it was unclear whether these disorders would result in more than a minimal impairment if not for the effects of polysubstance addiction. The inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." *Id.; see* 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. *Yuckert,* 482 U.S. at 141, 107 S.Ct.

---

1. The ALJ stated that the denial was pursuant to Public Law 104–121.

2287. In this case, the ALJ found that plaintiff's polysubstance addiction was either among the listed impairments or medically equivalent to a listed impairment. Discounting the polysubstance addiction, the ALJ found that plaintiff's other impairments did not meet or equal the listings.[2] The ALJ proceeded to step four.

In step four, the Commissioner determines whether the claimant can still perform his "past relevant work." If the claimant is so able, then the Commissioner rules the claimant "not disabled." Otherwise, the inquiry advances to step five. 20 C.F.R. § 404.1520(e). In this case, the ALJ found that if not for the effects of his polysubstance addiction, plaintiff's impairments would not prevent him from performing his past work activity as a custodian. The ALJ denied benefits. He did not address step 5.[3]

### DISCUSSION

Plaintiff seeks reversal and an award of benefits because the ALJ failed to follow an internal memorandum from the Social Security Administration regarding drug and alcohol disorder (DAA). The Emergency Teletype provides:

> When it is not possible to separate mental restrictions and limitations imposed by the DAA and the various mental disorders shown by the evidence, a finding of "not material" would be appropriate.

Emergency Teletype on DAA, August 30, 1996, Answer 29.

The ALJ found that "[i]t is impossible to separate the effects of the claimant's long term polysubstance dependance and abuse from other possible mental disorders." Tr. 16. The ALJ also stated that "[t]he

drug and alcohol addictions are material to his limitations because it is unclear that he would be significantly limited if not for continuing substance abuse." Tr. 17. However, instead of letting such findings and the Teletype direct him to a finding that the addictions were not material to his previous finding of disability, the ALJ found that plaintiff's addictions were material to the determination that plaintiff was disabled and, as such, that plaintiff was ineligible for benefits. Tr. 19.

Defendant concedes that the ALJ's actions were in conflict with agency policy. However, rather than a reversal with a remand for benefits, defendant argues that a reversal with a remand for further development of the record and a chance to remedy the defect is appropriate in the circumstances of this case. I disagree.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir.1987). The ALJ's findings regarding the impossibility of separating the mental limitations imposed by addictions and the mental limitations imposed by mental disorders are certainly supported by the record which does not require further development in the circumstances of this case. See Tr. 199; Tr. 200; Tr. 80–87; Tr. 78; Tr. 80. Moreover, defendant had the opportunity to remand the matter to remedy any defect and/or further develop the record when plaintiff appealed to the Appeals Council. However, the Council summarily denied review. Remand for further proceedings in this matter is inappropriate as new proceedings would serve to delay the receipt of benefits and are unlikely to add to the existing findings. *See McAllister v. Sullivan,* 880

2. As previously stated, the ALJ found that plaintiff "has also been diagnosed with depression and personality disorders, but it is unclear that these disorders would result in more than minimal impairment if not for the effects of polysubstance addiction ..." Tr. 18. Dr. Nance had testified that the disorders met the listings.

3. In step five, the burden is on the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy. *Yuckert,* 482 U.S. at 141–42, 107 S.Ct. 2287; *see* 20 C.F.R. § 404.1520(e), (f). If the Commissioner fails to meet this burden, then the claimant is deemed disabled.

F.2d 1086 (9th Cir.1989). Remand for further proceedings is inappropriate as there is substantial evidence in the record, when viewed as a whole, to establish that plaintiff is disabled. *See Gallant v. Heckler,* 753 F.2d 1450, 1457 (9th Cir.1984).

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner should be reversed and the case should be remanded for an award of benefits.