**Leanne N. ZAMORA, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 02–16589.

D.C. No. CV–01–20736–JF.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2003.*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Decided July 2, 2004.

Harvey P. Sackett, Esq., San Jose, CA, for Plaintiff–Appellant.

Mark Win, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Claimant Leanne Zamora appeals a decision of the district court affirming the Social Security Commissioner's finding that she was not disabled under the Social Security Act. We will affirm a finding that a claimant is not disabled if it is supported by substantial evidence in the record. *Howard v. Heckler,* 782 F.2d 1484, 1487 (9th Cir.1986). Because the Commissioner failed to enunciate findings with the specificity required by this Court, we reverse and remand for further proceedings. Since the parties are familiar with the facts and procedural history, we need not recount it here.

To determine a claimant's residual functional capacity ("RFC"), we have required the administrative law judge ("ALJ") to resolve conflicts and ambiguities in the medical testimony. This responsibility requires the ALJ to determine "whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 603 (9th Cir.1999).

The ALJ dismissed Dr. Madireddi's opinion because it was based on subjective complaints with no objective basis. While brief and conclusionary medical opinions may be dismissed, the ALJ must provide legitimate reasons derived from the record to dismiss an examining physician's uncontroverted opinion even if it was based on subjective factors. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995); *Embrey v. Bowen,* 849 F.2d 418, 421–22 (9th Cir.1988). Further, when a non-examining physician's opinion conflicts with that of an

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

895

examining physician, a "nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician." *Pitzer v. Sullivan,* 908 F.2d 502, 506 n. 4 (9th Cir.1990) (citation omitted). In this case, there was a conflicting medical opinion given by a non-examining physician. Although this might constitute a sufficient reason for rejecting the examining physician's testimony, the ALJ did not articulate why the non-examining physician's testimony should be accorded more weight, or why the opinions were inconsistent as required by *Morgan,* 169 F.3d at 603. Thus, we must remand for the ALJ's reconsideration of this issue.

Additionally, the present record inadequately explains significant deviations from the Dictionary of Occupational Titles ("DOT"). The ALJ's findings mirror the testimony given by the vocational expert, and conclude that Zamora qualifies for 15,000 regional restaurant hostess positions considering her background and physical constraints. While conceding that a restaurant hostess defined in the DOT requires greater skill than Zamora's past work, the Commissioner submits that significant unskilled restaurant hostess positions exist in the regional economy as identified by the vocational expert. *See Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995). The Commissioner's assertion stretches both the holding in *Johnson,* and the vocational expert's testimony in this case. *Johnson* explicitly gave the DOT definitions presumptive weight and required the presumption to be rebutted by persuasive record evidence. *Id.* Unlike *Johnson,* the vocational expert in this case never testified about the characteristics of local jobs. Consequently, the record is simply devoid of any evidence explaining the deviation between the ALJ's findings and the DOT.

Accordingly, we reverse and remand this case to the district court with instructions to remand to the Commissioner for further proceedings.

REVERSED AND REMANDED WITH INSTRUCTIONS