Sterling **WIDMARK**, Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner of Social Security, Defendant—Appellee.

No. 04–35952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.[*]

Filed July 26, 2006.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See, also, 454 F.3d 1063.

Tim D. Wilborn, Esq., West Linn, OR, for Plaintiff–Appellant.

Stephanie Martz, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, Karin J. Immergut, Esq., Portland, OR, for Defendant–Appellee.

Before: BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM **

Sterling Widmark appeals the district court's decision affirming the Commissioner's denial of Social Security and Supplemental Security Income disability benefits.

■ We review de novo a district court's order affirming the decision of an Administrative Law Judge ("ALJ") to deny benefits. *Batson v. Commissioner,* 359 F.3d 1190, 1193 (9th Cir.2004). We may set aside a denial of benefits only if it is based on legal error or not supported by substantial evidence. *Id.* Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. *Young v. Sullivan,* 911 F.2d 180, 183 (9th Cir.1990).

The ALJ found that Widmark, though severely impaired, had the residual functional capacity ("RFC") for the full range of light work. Widmark argues that, in reaching this decision, the ALJ improperly rejected his own testimony regarding the severity of his pain, two lay witness statements regarding the same, and various medical opinions.

■ The ALJ's analysis of specific inconsistencies among Widmark's statements, his actions, and the medical evidence provided clear and convincing reasons for a finding that Widmark's testimony as a whole lacked credibility. *See Smolen v. Chater,* 80 F.3d 1273,

1284 (9th Cir.1996). Accordingly, the ALJ did not improperly discount Widmark's testimony regarding the extent of his pain or his dizziness in making the RFC finding.

■ Having pointed out specific inconsistencies between the medical evidence and the subject matter of Ms. Duran's and Ms. Vital's statements, the ALJ properly discounted the lay testimony. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Dodrill v. Shalala,* 12 F.3d 915, 918–19 (9th Cir.1993) (requiring the ALJ to provide "reasons ... germane to each witness" before rejecting lay testimony).

■ As for the medical testimony: Dr. McDonald's brief and conclusory opinion was not based on clinical findings; therefore, the ALJ was not required to accept it. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002) (holding that an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"). Because Dr. McDonald's opinion conflicts with that of every other physician to examine Widmark and the ALJ provided specific, legitimate reasons based on substantial evidence for rejecting it, doing so was not improper. *See id.* The ALJ's duty to develop the record did not require him to ask Dr. McDonald about the basis of his opinion before rejecting it because, unlike in *Smolen v. Chater,* the record here contained the examination report upon which Dr. McDonald's assessment was based. *Cf. Smolen,* 80 F.3d at 1288.

■ The ALJ's decision to reject Dr. Williams's June 1999 disability opinion is

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

also supported by specific, legitimate reasons based on substantial evidence in the record, specifically, the inconsistency between the June 1999 opinion and Dr. Williams's later uncertainty as to the degree of Widmark's limitations as noted in the March 5, 2002, review of Widmark's MRI. Therefore, rejecting it was not improper. *See Thomas*, 278 F.3d at 957.

To the extent the ALJ rejected the state agency physician's opinion, it was to make the even more limited RFC finding that Widmark could do the full range of light work. While the ALJ is under a duty to consider the entire record, *see Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986), his failure to acknowledge the state agency physician's assessment more specifically was harmless, *see Batson*, 359 F.3d at 1197.

The ALJ did not, in fact, reject Dr. Greenleaf's opinion regarding Widmark's ability to walk, which is consistent with the ALJ's RFC finding. *See* SSR 83–10, 1983 WL 31251, at *6. In rejecting Dr. Greenleaf's opinion regarding Widmark's need to alternate positions, the ALJ provided the required clear and convincing reasons supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Most notably, the ALJ cited the fact that the opinion, as Dr. Greenleaf himself noted, was based entirely upon Widmark's own unreliable statements.

**AFFIRMED.**[1]

---

1. We reverse and remand on other issues in this case, which we discuss in a separate opinion filed concurrently with this memorandum disposition.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).