Wesley E. GREEN, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 85–3876.

United States Court of Appeals, Ninth Circuit.

Submitted April 24, 1986.*

Decided Oct. 28, 1986.

---

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed.R.App.P. 34(a).

James L. Edmunson, Malagon & Associates, Eugene, Or., for plaintiff-appellant.

Richard H. Wetmore, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant-appellee.

Before FARRIS, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Wesley E. Green appeals the district court judgment affirming the decision of the Secretary of Health and Human Services (the Secretary) denying disability benefits. Green contends that (1) the administrative law judge's (ALJ) negative credibility finding was legally improper; and (2) the Secretary's determination that Green can do light or sedentary work was therefore not supported by substantial evidence.

We disagree and affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

Green was fifty-four years old when he appeared before the ALJ. He has an eighth-grade education. He had done primarily heavy, skilled labor as a millwright. He applied for disability benefits in 1978 and 1981, and was denied both times. In February 1983 he again applied for disability benefits, alleging onset of disability in December 1980 due to degenerative arthritis in his right knee, coronary artery disease, chronic obstructive pulmonary disease, and some history of seizures of undetermined etiology.

The Secretary of Health and Human Services (Secretary) denied Green's application initially and again on reconsideration. After a hearing, an ALJ ruled that Green's medical impairments prevent him from returning to his former job, but found that Green retains the residual functional capacity to perform light or sedentary work. In addition, the ALJ found that jobs Green could perform exist in the region. The ALJ therefore concluded that Green was not disabled. After the Appeals Council denied his request for review, Green filed a complaint in district court. The district court affirmed the Secretary's denial. Green timely appeals.

## II.

### STANDARD OF REVIEW

The Secretary's decision denying benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error. *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir.1985), *amended on other grounds*, No. 85–3726 (9th Cir. Feb. 24, 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclu-

sion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). This court must consider the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985); *see also Swanson v. Secretary of Health & Human Services,* 763 F.2d 1061, 1064 (9th Cir.1985).

### III.

### DISCUSSION

To qualify for disability benefits, the claimant must establish that a medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity. The claimant must demonstrate that the impairment is expected to result in death or to last for a continuous period of at least twelve months. *Jones,* 760 F.2d at 995; *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1984); 42 U.S.C. § 423(d)(1)(A). Additionally, the impairment must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. *Gallant,* 753 F.2d at 1452; 42 U.S.C. § 423(d)(3).

In hearings arising out of a claimant's initial application for benefits, the claimant has the burden of proving he is disabled. *Swanson,* 763 F.2d at 1064; *Gallant,* 753 F.2d at 1452. The claimant establishes a prima facie case of disability by showing that a physical or mental impairment prevents him from performing his previous occupation. *Gallant,* 753 F.2d at 1452. The burden then shifts to the Secretary to show that the claimant can perform other types of work existing in the national economy, given his residual functional capacity,[1] age, education, and work experience. *Id.; see also* 20 C.F.R. §§ 404.1520(f), 404.-1560–.1568 (1985).

In addition, when a claimant reapplies for disability benefits after an earlier denial, that earlier denial precludes the claimant from arguing that he was disabled during the period covered by the earlier decision. Furthermore, it creates a presumption that the claimant was able to work beyond the date of the earlier decision. *Miller v. Heckler,* 770 F.2d 845, 848 (9th Cir.1985); *Taylor v. Heckler,* 765 F.2d 872, 875 (9th Cir.1985). The claimant therefore carries the burden of showing "changed circumstances," i.e., showing that his impairments have become more severe since the date of the earlier decision. *Taylor,* 765 F.2d at 875.

#### A. Green's Testimony

Green testified that he experienced severe shortness of breath or asthma attacks after engaging in mild exercise, such as walking for fifty to one hundred yards or climbing a flight of stairs. He stated that he experiences "very bad pain" in various joints at different times, not just in his right knee, and that when he maintains one position for very long, the pain becomes so bad that he cannot concentrate. He reported that he fairly predictably has chest pain four to six hours after exerting himself.

Green has not worked since January 1978. He is no longer able to enjoy his normal recreational activities, such as hunting and fishing. He testified that he is largely housebound, and his activities are mainly limited to reading and watching television. He also reported numbness and stiffness in his hands, which often causes him to drop dishes or spill his coffee.

#### B. The Medical Evidence

Green submitted evidence to substantiate the following medical impairments:

First, he has chronic pain and some instability and functional limitation in his right knee, stemming from an injury in 1948. The knee has required surgery four times, most recently in 1978. His condition has

---

**1.** A claimant's residual functional capacity is what he can still do despite his physical or mental limitations. 20 C.F.R. § 404.-1545(a) (1985).

been diagnosed variously as "moderate osteoarthritis," "moderately advanced degenerative joint disease," or "severe degenerative arthritis." He uses a weight-bearing brace and one treating physician reported that he cannot squat.

Second, he has chronic obstructive pulmonary disease. This condition was described as "fairly minimal" based on November 1981 test results. Based on a pulmonary function test administered in April 1983, Green's physician concluded that he had "minimal restrictive disease with moderately severe obstructive disease, partially responsive to bronchodilators."

Third, he has coronary artery disease, which has been documented by angiography. He reports chest pain, and a number of treating physicians have concluded that this chest pain is probably due to angina. At the same time, however, several treating physicians have commented that the pain Green reports is not typical angina pain, and therefore might not be angina. The pain is not reliably produced by exercise. One doctor suggested that the pain might be due to coronary artery spasm.

Finally, on at least two occasions (October 1982 and January 1983), Green has sought medical attention as a result of seizure-like episodes. A consulting neurologist concluded that these were probably epileptic seizures, but an electroencephalogram and a neurological examination failed to confirm this clinically. One consulting physician concluded that the incidents were probably hysterical or psychosomatic in origin.

A number of the treating physicians have evaluated or at least commented on Green's residual functional capacity. None considered Green totally disabled. Dr. Zidd, who saw Green after his October 1982 seizure, commented that upon discharge Green could "resume full activity." Dr. Wheeler administered a treadmill exercise tolerance test in May 1983 as part of a disability assessment. He commented that the electrocardiogram yielded no evidence that exercise induced ischemia. He rated Green's overall cardiorespiratory fitness as "average." He concluded that Green is able to stand, walk, or sit for six hours per eight-hour day, and is able to lift or carry twenty-five pounds frequently.

## C. The ALJ's Findings

The ALJ conceded that Green has certain medical impairments (i.e., severe degenerative arthritis of the right knee, coronary artery disease, and chronic obstructive pulmonary disease), and concluded that these impairments render Green unable to return to his former occupation. The ALJ believed that Green's subjective complaints were "made sincerely," but he found this testimony "not credible" to the extent it was "not corroborated by the objective medical evidence." The ALJ found that Green therefore had the residual functional capacity to perform light or sedentary work, and that he is accordingly able to perform jobs that exist in the region. Based on these findings, the ALJ concluded that Green was not disabled.

The medical reports provide substantial evidence supporting the Secretary's determination that Green has the residual functional capacity to perform light or sedentary work. *See* 20 C.F.R. § 404.1567(b) (1985).

## D. Analysis

 Green contends that the ALJ's finding of no disability is not supported by substantial evidence. He argues that the ALJ erroneously found Green's pain testimony incredible. Moreover, the Secretary's own vocational expert testified that if Green's pain testimony is believed, Green should be considered disabled.

It is undisputed that Green has certain medical impairments that could reasonably be expected to produce a certain amount of pain and limitation. Green's testimony, however, indicated that he experienced significantly more pain and limitation than would normally be expected for a person with his impairments.

The Secretary is not required to believe a claimant's complaints of pain. The Secre-

tary can disregard such self-serving testimony whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain. *Nyman,* 779 F.2d at 531; *Taylor v. Heckler,* 765 F.2d 872, 876 (9th Cir.1985). However, she must make specific findings justifying that decision. *Miller v. Heckler,* 770 F.2d 845, 848 (9th Cir.1985); *Bellamy v. Secretary of Health and Human Services,* 755 F.2d 1380, 1382 (9th Cir.1985).

Section 423(d)(5)(A) states that an "individual's statement as to pain ... shall not alone be conclusive evidence of disability ... there must be medical signs and findings ... which show the existence of a medical impairment ... which could reasonably be expected to produce the pain.... Objective medical evidence of pain ... must be considered in reaching a conclusion as to whether the individual is under a disability." However, this court recently stated that we have "never required that the medical evidence identify an impairment that would make the pain inevitable." *Howard v. Heckler,* 782 F.2d 1484, 1488 (9th Cir.1986). We further stated that Congress intended section 423(d)(5)(A) to mean that "so long as the pain is *associated* with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability." *Id.* at 1488 n. 4 (emphasis in original).

*Howard* must be distinguished from the instant case on its administrative procedural posture. In *Howard,* the ALJ believed the claimant testified truthfully and had severe impairments that could reasonably produce his pain. The Appellate Council, however, rejected the claimant's pain testimony with no analysis or reference to the ALJ's detailed findings of severe impairments. We held that when the Council rejects an ALJ's credibility findings, it must state reasons for doing so and the reasons must be based upon substantial evidence in the record. *Id.* at 1487. An ALJ's assessment of pain level is entitled to great weight. *Id.* at 1488; *see also Nyman,* 779 F.2d at 531.

In the instant case, the Appellate Council accepted the ALJ's finding that Green's pain testimony was incredible. The ALJ thoroughly discussed the medical evidence in making his credibility finding. The physicians' reports consistently fail to find an association between Green's medical ailments and his degree of pain. Therefore, as stated in *Howard* and *Nyman,* we will give the ALJ's assessment great deference. We hold that the ALJ's credibility finding was not erroneous and affirm the Secretary's decision denying disability benefits.

AFFIRMED.