**Barbara CASSERINO, on behalf of Patrick THOMAS, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–56164.

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1990.*

Decided Dec. 14, 1990.

Eliot R. Samulon, Potter & Cohen, Pasadena, Cal., for plaintiff-appellant.

Joseph Stein, Asst. Regional Counsel, San Francisco, Cal., for defendant-appellee.

Before WALLACE, O'SCANNLAIN and RYMER, Circuit Judges.

PER CURIAM:

Casserino appeals from the district court's summary judgment in favor of the Secretary of Health and Human Services (Secretary). The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Patrick Casserino (Patrick) was born on July 27, 1970, to Barbara J. Casserino. The birth certificate identifies Bernard E. Thomas as the father. Casserino was the source of the information contained on the certificate.

Thomas began receiving social security disability benefits in 1982. Some time later, Casserino filed a paternity action naming Thomas as Patrick's natural father. Thomas filed no answer, his default was taken, and a default hearing date was requested. Casserino then informed Thomas that the sole purpose of the suit was to establish paternity so that Patrick could receive social security benefits on Thomas's account.

Thomas died on November 1, 1985. On November 18, 1985, the California Superior Court decreed that Thomas was Patrick's father. Casserino then applied for child's insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. The Secretary denied the application, the administrative law judge affirmed, and the appeals council denied Patrick's request for review. Casserino filed this action in federal court resulting in the summary judgment in favor of the Secretary.

A summary judgment is reviewed de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Judie v. Hamilton*, 872 F.2d 919, 920 (9th Cir.1989). The Secretary's denial of benefits will "be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir.1986); *see* 42 U.S.C. § 405(g).

Casserino first argues that Patrick is qualified to obtain social security child's benefits on Thomas's account pursuant to 42 U.S.C. § 402(d) and 42 U.S.C. § 416(h)(3)(C)(i)(II). Section 416(h) provides in part:

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insurance individual if:

. . . . .

(C) in the case of a deceased individual—

(i) such insured individual—

. . . . .

(II) had been decreed by a court to be the mother or father of the applicant, ...

and such ... court decree ... was made *before the death* of such insured individual....

42 U.S.C. § 416(h)(3)(C)(i)(II) (emphasis added).

■ A common sense reading of this provision undercuts Casserino's claim. The section explicitly states that qualification is dependent on the issuance of a paternity decree "before the death" of the insured. Here, however, the court entered its paternity judgment over two weeks after Thomas's death.

■ Casserino contends that Patrick should receive the benefits because he "constructively" satisfied the requirements. However, only a tortured reading of section 416(h) would allow us to come to such a conclusion. There is nothing in the statute to suggest that this eligibility requirement should be read flexibly. Congress intended to limit benefits to a narrowly defined group of children. "[C]hildren's insurance benefits are designed to replace income lost on the death of someone who supplied money." *Trammell ex rel. Trammell v. Bowen*, 819 F.2d 167, 169 (7th Cir.1987) *(Trammell )*. However, because of the complexities in attempting to determine on a case by case basis whether a child was a dependent, Congress adopted certain factors as "indicators of dependence." *Id.* The requirement that a paternity decree be issued prior to the insured's death is one such factor. This requirement

reflects Congress's determination that "contested adjudications are more likely to be accurate than ex parte orders." *Id.* at 170. Therefore, because a decree was not issued prior to Thomas's death, Patrick does not qualify for social security child's benefits under section 416(h)(3)(C)(i)(II).

 Casserino next argues that the statute is unconstitutional as it denies Patrick equal protection of the law. The thrust of Casserino's argument is that the requirement of section 416(h)(3)(C)(i)(II) that a decree be made before death of the insured is arbitrary and irrational.

The Supreme Court has already approved the distinctions created by this statute. *See Mathews v. Lucas,* 427 U.S. 495, 507–16, 96 S.Ct. 2755, 2763–67, 49 L.Ed.2d 651 (1976) (holding that "conditioning entitlement upon dependency is not impermissibly discriminatory" and that the statutory classifications are "reasonably related to the likelihood of dependency at death"). In addition, the Seventh Circuit has rejected a challenge identical to the one Casserino raises here. Concluding that this exact provision was constitutional, the court reasoned:

> The court-order rule, as one small part of a complex and generally sensible system, could be unconstitutional only if irrational. If there were no ground for believing that orders obtained before the father's death are different from later orders, then the rule would be like a roulette wheel—and the parties assume for current purposes that a system handing out benefits based on chance or whim would be forbidden.... But there is a difference. Orders obtained during the supposed father's life are more likely to be accurate because, if the child names the wrong person, he is apt to encounter resistance. The judicial declaration of paternity could be the basis of a later order requiring the father to support his child; one who is not actually the father is inclined to balk, and some real fathers also will endeavor to evade responsibility. A proceeding after the father's death is ex parte or nearly so.... To conclude that § 416(h)(3)(C)(i)(II) is con-

stitutional, we need only believe that contested adjudications are more likely to be accurate than ex parte orders.

*Trammell,* 819 F.2d at 170.

This reasoning is persuasive. "Absent some good reason to do so, we are disinclined to create a direct conflict with another circuit." *United States v. Larm,* 824 F.2d 780, 784 (9th Cir.1987), *cert. denied,* 484 U.S. 1078, 108 S.Ct. 1057, 98 L.Ed.2d 1019 (1988).

AFFIRMED.