113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James McDANIEL, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-55066.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.**
Decided May 14, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-06692-AJW; Andrew J. Wistrich, Magistrate Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: RYMER and THOMAS, Circuit Judges; PANNER, District Judge.***
 MEMORANDUM****
 James McDaniel appeals from the district court's affirmance of the Commissioner's denial of disability insurance benefits. The district court had jurisdiction, 42 U.S.C. § 405(g), as do we, 28 U.S.C. § 1291, and we reverse and remand because the ALJ did not determine whether McDaniel's claimed need to shift positions frequently would keep him from gainful employment.
 * We will uphold the Commissioner's decision unless "it is not supported by substantial evidence or it is based on legal error." Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986); see 42 U.S.C. § 405(g). McDaniel argues that the ALJ erred in finding that he has the residual capacity to do light work not involving repetitive bending or stooping although the medical evidence indicated a herniated lumbar disc, spinal arthritis, and carpal tunnel syndrome. He argues that the ALJ ignored the opinion of Dr. Tom, see Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989), that McDaniel was disabled. The ALJ did not err in rejecting Tom's opinion that McDaniel was disabled or in concluding that McDaniel was exaggerating his pain.
 Dr. Tom was an examining physician, not a treating physician. His reports reflect that he saw McDaniel "for evaluation" for workers' compensation at the behest of McDaniel's attorney, and the record indicates McDaniel stopped seeing Tom in February 1991, although McDaniel's condition hadn't improved. There is no evidence that Tom oversaw a course of treatment aimed at alleviating McDaniel's symptoms. Even if Tom had been a treating physician, however, the ALJ gave specific and legitimate reasons based on substantial medical evidence for rejecting Tom's assessment that McDaniel was disabled, see Andrews v. Shalala, 53 F.3d 1035, 1039-41 (9th Cir.1995); Magallanes, 881 F.2d at 751, and for discounting McDaniel's pain testimony as exaggerated. See Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir.1989).
 Tom found that McDaniel had limited motion in his neck and back, a moderate herniated disc primarily on his right side, chronic right side radiculopathy, sciatic tenderness, weakness and stiffness in the legs, and muscle atrophy in the right thigh. Tom also recorded McDaniel's subjective reports about activities that aggravated his pain and weakness. Although Tom said McDaniel had a "permanent disability," he did not opine that McDaniel could not work. His final report in February 1991 said McDaniel "is not likely to be able to continue in his usual occupation" of shipping manager, and suggested "vocational rehabilitation" with the goal of "at least light work."
 Dr. Li agreed that McDaniel suffered from a herniated disc probably irritating the nerve root, and diagnosed ligament strain in the neck area and bilateral weakness in the lower extremities. Li also recorded McDaniel's subjective reports of pain. Li declined to assess disability or the prospects for treatment. In September 1990 and June 1991, Dr. Chue performed an electromyogram and confirmed right-sided lumbosacral radiculopathy, which remained unchanged between the two EMGs. In May 1991, Dr. Jafferi diagnosed muscle spasms and possible discogenic disease. Jafferi recommended that McDaniel avoid lifting heavy objects and frequent bending, and noted that he might need to change positions often to relieve his pain. Jafferi said McDaniel walked in using a cane, but opined that McDaniel could walk without it, and concluded, "Overall prognosis is Good with therapy." Dr. Siciarz found in November 1992 that McDaniel's neck was supple with no hypertrophy, there was no tenderness in his back with palpation in the midline and paraspinal areas, strength and reflexes were intact in all extremities, his gait was normal, and there was no sign of atrophy.
 In rejecting as exaggerated McDaniel's claim, based on Tom's findings, that his conditions made him unable to sit, stand, or walk for more than 15 minutes at a time without extreme pain, the ALJ pointed to substantial objective evidence in the record, including the opinions of other examining physicians. The ALJ noted that unlike Tom, Li and Siciarz found no muscle atrophy in the lower extremities; that McDaniel had never exhibited extreme distress, gait disturbance, or sensory or reflex loss in his legs in any of his examinations; that McDaniel had gone for months without seeing a doctor for pain despite diagnoses recommending treatment; that he sometimes drove; and that he anticipated training to be a respiratory therapist. These were persuasive indicators that McDaniel was not as immobilized by pain as he said he was. Further, the ALJ was entitled to regard Siciarz's report that McDaniel got some relief by taking simple Tylenol as evidence that McDaniel's pain was tractable.
 McDaniel argues that the ALJ failed to acknowledge that Tom's recommendation of "light work" used the definition of the California Workers' Compensation system, not the federal definition. But exactly what Tom meant is unimportant, since the ALJ was not required to rely on Tom's recommendation, but instead concluded from the record as a whole, including all of the doctors' reports and McDaniel's testimony, that McDaniel could do a job involving light exertion but not repeated bending or stooping on a sustained basis without significant limitations from pain. The ALJ could reasonably conclude that McDaniel's pain was not so severe that it, alone, would keep him out of a job. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1463-64 (9th Cir.1995).
 II
 McDaniel argues that the ALJ should have called a vocational expert to testify about jobs available to McDaniel in light of his pain. We agree to the extent that the ALJ's decision, based on the "grids," does not take into account McDaniel's alleged need to alternate sitting and standing frequently, a limitation that is supported by the doctors' opinions in the record and which the ALJ did not reject.
 Before relying on the grids, an ALJ must determine whether the claimant's non-exertional limitations which are supported by evidence in the record take the claimant outside the grids. Stewart v. Sullivan, 881 F.2d 740, 744 n. 5 (9th Cir.1989); see Heckler v. Campbell, 461 U.S. 458, 467-68 (1983). The ALJ did not make such a finding regarding McDaniel's need to shift positions. The Commissioner argues that the ALJ properly rejected McDaniel's pain complaints as not credible; but the ALJ only said the complaints were exaggerated, not that McDaniel had no pain at all. The ALJ's conclusion, which we uphold, that McDaniel could consistently work a full day despite his pain, and could sit, stand, or walk for substantial periods of time, does not rest on a finding that McDaniel does not need to shift positions frequently to alleviate his pain. On remand, therefore, the ALJ should determine whether McDaniel needs to shift positions often. If so, the ALJ should determine, calling a vocational expert if necessary, whether this limitation prevents McDaniel from working.
 REVERSED AND REMANDED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed.R.App.P. 43(c)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 Honorable Owen M. Panner, Senior Judge, United States District Court for the District of Oregon, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3