129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael RUIZ, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner of Social Security,
** Defendant-Appellee.
 No. 96-17089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1997.***
Decided Nov. 13, 1997.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding
 Before: WOOD,*** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Ruiz appeals the district court's affirmance of the Commissioner's denial of disability benefits. The district court had jurisdiction, 42 U.S.C. § 405(g), as do we, 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 We review the district court's grant of summary judgment de nova. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989). We will uphold the Commissioner's decision unless "it is not supported by substantial evidence or it is based on legal error." Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986); see 42 U.S.C. § 405(g).
 
 II
 
 4
 Ruiz argues that the ALJ erred in finding that Ruiz does not have an impairment or combination of impairments listed in, or medically equal to one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1997) (the Listing). Ruiz also argues that the ALJ's finding that Ruiz has the residual functional capacity to perform some level of sedentary work is not supported by substantial evidence or legal authority. For the reasons explained by the district court, we disagree with Ruiz and hold that substantial evidence supports the ALJ's findings on these issues.
 
 
 5
 Ruiz also argues that the ALJ erred in finding that Ruiz's claim is properly adjudicated by reference to the Medical-Vocational Guidelines, found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.27 (the Guidelines). We agree. Once Ruiz established that he cannot perform his past relevant work because of his impairments, the burden shifted to the Secretary to show that there existed other jobs in the national economy which Ruiz could perform. 20 C.F.R. §§ 404.1520(f), 416.920(f). To meet this burden, the Secretary may rely on the Medical-Vocational Guidelines in certain circumstances. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984).
 
 
 6
 The ALJ found that Ruiz could perform the full range of sedentary work and applied Medical Vocational Rule 201.27 which the ALJ concluded mandated a finding of "not disabled." 20 C.F.R. Pt. 404, Subpart P, App. 2, § 201.27. Only Dr. Tayrien's May 1990 Residual Functional Capacity questionnaire, however, supports the ALJ's finding that Ruiz could do a full range of sedentary work; every other physician found that Ruiz must alternate between sitting and standing. Under Gallant v. Heckler, Ruiz's need to alternate between sitting and standing means that he cannot perform a full range of sedentary work, and thus the ALJ could not exclusively rely on the Guidelines to find that Ruiz is not disabled. 753 F.2d at 1457. Accordingly, the ALJ erred as a matter of law in relying solely upon the Guidelines to find that Ruiz is not disabled.
 
 
 7
 The government argues, and the district court found, that the ALJ's reliance on the Guidelines was harmless because the testimony of a vocational expert provides substantial evidence of a significant number of unskilled, sedentary jobs available to Ruiz despite his limitations. As the ALJ deemed such testimony "unessential," however, we believe that he should evaluate its weight in the first instance. Therefore, we reverse and remand to the district court with directions that it remand the case to the Commissioner for further proceedings on whether the government has carried its burden on Step 5.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 **
 Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Kenneth S. Apfel therefore should be substituted as Appellee pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3