Betty YANG, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 05–16708.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2007.*

Filed Aug. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gina Mari Fazio, Esq., Fresno, CA, Harvey P. Sackett, Esq., Sackett & Associates A Professional Law Corp., San Jose, CA, for Plaintiff–Appellant.

John C. Cusker, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: BRUNETTI, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM [**]

Petitioner Betty V. Yang ("Yang") filed an application for Supplemental Security Income on January 5, 2001. Yang claimed she suffered from back pain, fainting, leg pain, low number of red blood cells, and depression. On January 24, 2003, an Administrative Law Judge ("ALJ") found that Yang was not disabled and thus not entitled to supplemental security benefits. Yang appealed to the Appeals Council, submitting new evidence, but her appeal was denied. Thereafter she filed suit in the District Court for the Eastern District of California, but on February 23, 2005, the court issued an order affirming the ALJ's decision.

Because the parties are familiar with the remaining facts and procedural history, we do not restate them here except as necessary to explain our disposition.

## I.

We review the district court's order de novo. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.2002). By contrast we review the ALJ's decision deferentially. A decision by the ALJ must be affirmed if supported by substantial evidence. *See Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir.1999). Under this standard, if the "evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005); *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir.1998.) ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary.")

## II.

With this standard of review in mind we turn to Yang's three alleged errors.

## A.

Yang first argues the ALJ erred in rejecting the opinion of Dr. Barnett. Dr. Barnett performed a one-time psychiatric evaluation on Yang in May 2001. To properly reject Dr. Barnett's opinion the ALJ was required to set forth specific and legitimate reasons supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). This requirement was satisfied.

■ There is substantial evidence in the record to support the ALJ's rationale that Dr. Barnett's opinion was: (1) based al-

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

most entirely on Yang's subjective reporting and (2) contradicted by the findings of other consulting physicians, which in turn were supported by other evidence in the record. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) ("The findings of a [consultative] physician can amount to substantial evidence, so long as other evidence in the record supports those findings.")

In reaching this decision we acknowledge the other reason given by the ALJ for rejecting Dr. Barnett's opinion—that it was contradicted by Yang's treatment history—may no longer be supported by substantial evidence. Yang did submit new evidence to the Appeals Council suggesting she was placed into custody for 72 hours because of her depression pursuant to Cal. Wel. & Inst.Code § 5150. Even so, this does nothing to diminish the other specific and legitimate reasons given by the ALJ for rejecting Dr. Barnett's opinion. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004).

### B.

Yang next claims the ALJ erred in rejecting the opinion of Dr. Melashenko. Dr. Melashenko was Yang's primary care physician, treating her numerous times between May 2000 and September 2002. To properly reject the doctor's opinion the ALJ was required to set forth specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 1196–97. Again we find this requirement was satisfied.

■ There is substantial evidence in the record to support the ALJ's rationale that Dr. Melashenko's opinion, at the very least, was: (1) not supported by objective medical evidence, *id.* at 1194–95; (2) based on family member reporting; and (3) contradicted by the findings of other consulting physicians, which in turn were supported by other evidence in the record, *Saelee*, 94 F.3d at 522.

### C.

■ Yang finally asserts the ALJ posed an improper hypothetical to the Vocational Expert by not mentioning her illiteracy. Yang did not, however, raise this argument before the district court and therefore we will not consider it on appeal. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1996).

### AFFIRMED.

W. FLETCHER, J., dissenting.

I respectfully dissent. We are required, when reviewing the decision of an administrative agency with deference, to "consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989)). The record as a whole does not support the ALJ's decision.

The majority cites as a "specific and legitimate" reason for rejecting the opinions of both Dr. Barnett, an examining physician, and Dr. Melashenko, Yang's treating physician, the contradictory opinions of other doctors. *See* 20 C.F.R. § 404.1527 (2006). A contradicting opinion is grounds for imposing a lower standard to discredit a physician's opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002). It is not by itself, except in narrow circumstances, grounds for dismissing a physician's opinion. *See Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir.1983); *see also* 20 C.F.R. § 404.1527.

The other reasons offered by the panel as supporting the ALJ's decision fail. First, much of the evidence in a patient

diagnosed with depression will frequently be "based almost entirely on [the patient]'s subjective reporting." *See* Memorandum Disposition at 411–12. Second, and more important, the record contains objective evidence supporting Dr. Barnett and Dr. Melashenko's opinions. As the majority acknowledges, Yang was placed into custody pursuant to California Welfare & Institutions Code § 5140, which allows a person to be taken into custody and placed in a facility when that person "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." Cal. Wel. & Inst.Code § 5150 (West 2006).