**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTINE A. MORILLAS,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner, Social Security Administration,<br><br>Defendant - Appellee. | No. 08-17584<br><br>D.C. No. 3:07-cv-04165-VRW<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Submitted March 12, 2010 [**]
San Francisco, California

Before: HALL, NOONAN, and CALLAHAN, Circuit Judges.

Kristine A. Morillas appeals from a district court judgment affirming a final

decision of the Commissioner of Social Security denying her application for

disability insurance benefits and supplemental security income benefits pursuant to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act.  42 U.S.C. §§ 416(i), 423, and 1381a.

The administrative law judge ("ALJ") made findings at both Step Four and Step

Five of the five-step sequential process for evaluating whether a claimant is

disabled.  20 C.F.R. § 404.1520(a)(4).  The ALJ's finding at Step Four, that

Morillas has residual functional capacity ("RFC") to perform her past relevant

work as a bartender or waitress, was rejected by the district court based on the

Commissioner's concession that it was erroneous.  However, the district court

upheld the denial of benefits based on the ALJ's alternative finding at Step Five

that—notwithstanding the existence of severe, medically determinable impairments

with respect to her back, neck, and knees—Morillas has the RFC to perform

sedentary, semi-skilled jobs existing in significant numbers in the national

economy, including that of "check cashier."  The district court also sustained the

ALJ's adverse credibility finding as to Morillas's testimony that she has constant

pain, on a scale of 10, at "level 10" in her back and neck ("10/10" pain), at "level

7" in her knees ("7/10" pain), and at "level 5-7" ("5-7/10" pain) in her hands.

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g).  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

Because the parties are familiar with the factual and procedural history of

2

this case, we will not recount it here except as necessary to our disposition of the claims of error raised on appeal.

## II.

We review *de novo* a district court judgment affirming a final order of the Commissioner. *Gillett-Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir. 2004). The Commissioner's decision must be affirmed if supported by substantial evidence and the Commissioner applied the correct legal standards. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When reviewing factual findings by the Commissioner, acting through an ALJ, we affirm if substantial evidence supports the determinations. *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003). In evaluating a claim that an ALJ's findings are not supported by substantial evidence, we review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler,* 803 F.2d 528, 529-30 (9th Cir. 1986).

## III.

Morillas's principal contention on appeal is that the testimony of the Vocational Expert ("VE") was based on flawed hypotheticals that did not take account of all of her physical limitations—in particular, her alleged carpal tunnel syndrome ("CTS") condition, and the side-effects of her pain medications. In addition, she contends that the ALJ's adverse credibility determination regarding

her subjective pain complaints was based on a misapprehension of her testimony about her daily activities. Thus, she claims the ALJ's finding that she has RFC to perform the sedentary, semi-skilled job of "check cashier" was not supported by substantial evidence. We will discuss these contentions in reverse order.

**A.**

In assessing the credibility of Morillas's allegedly disabling subjective symptoms, the ALJ may consider various factors. *See* 20 C.F.R. §§ 404.1529, 416.929 (2009); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc). Contrary to Morillas's contentions, the ALJ's findings on this point are entitled to deference because they were supported by substantial evidence and were sufficiently specific to allow this court to conclude that he rejected her testimony on permissible grounds and did not arbitrarily discredit her testimony about subjective symptoms. *See Bunnell*, 947 F.2d at 345-46 (en banc).

The ALJ provided several valid reasons for rejecting Morillas's claims of a disabling level of pain, beginning with his finding that Morillas exaggerated her claim about constant "10/10" pain in her back and neck. This finding was proper in view of the nearly complete absence of supporting medical evidence, both in terms of the lack of objective findings and the lack of documentation of any complaint to her doctors about such a severe level of pain. *See Burch v. Barnhart*,

4

400 F.3d 676, 681 (9th Cir. 2005) (lack of medical evidence cannot form the sole basis for discounting pain testimony, but it is a factor that the ALJ can consider in his credibility analysis).

Dr. Sonka-Maarek also testified that she would expect to see much stronger pain medications and a more aggressive treatment plan than those prescribed for Morillas if she was actually suffering constant "10/10" back and neck pain. Based on this evidence, too, the ALJ was justified in inferring that Morillas's pain claims were not credible. *Id.*; *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (unexplained absence of treatment for excessive pain can justify inference of lack of pain); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered treating doctor's failure to prescribe, and claimant's failure to request, any serious medical treatment for supposedly excruciating pain).

Finally, while Morillas attempts to minimize her activities of daily living—which included taking classes to become a medical assistant, driving herself to school and to do errands, doing daily household chores, and exercising at a gym—the ALJ properly considered them as part of his overall credibility assessment, and his assessment of the credibility of her pain claims. *Batson,* 359 F.3d at 1196 (ALJ properly considered contradictions between the claimant's testimony about his activities of daily living and his claims that he could not return

5

to work because of pain); *see also Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993) (ALJ properly found claimant who was able to do housecleaning, including vacuuming and dishwashing, and attended school three days a week, did not have disabling pain precluding all work).

In sum, the ALJ properly considered several factors which were relevant to an evaluation of Morillas's credibility and the merits of her subjective claims of disabling pain, and the district court properly affirmed the ALJ's decision, as it provided an appropriate rationale supported by substantial evidence. *See Burch*, 400 F.3d at 681.

**B.**

When posing a hypothetical question to a VE, the ALJ must set out all of a claimant's limitations or restrictions. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). However, the ALJ need only include limitations supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001). In this case, the hypotheticals posed to the VE accurately described all of the limitations the ALJ found supported by the record.

Contrary to Morillas's suggestion that the ALJ found she did not have a CTS impairment, the ALJ accurately found "equivocal evidence of CTS," but concluded that she had no significant functional limitations against frequent reaching,

6

handling, or fingering as a result of such alleged impairment. To be sure, there was conflicting evidence regarding CTS, with most of the objective medical evidence supporting Morillas's claim dating back to 2001 or 2002 in reports by physicians who treated her or examined her in connection with her worker's compensation claim shortly after she quit her job as a bartender. But even then, she was diagnosed with only "mild" CTS, which was "improving" and appeared to have resolved by mid-2002, and there were mixed reports about functional limitations due to that condition. In the intervening years prior to the ALJ hearing in September 2006, there was only scant evidence that Morillas complained of or was treated for any recurrence of CTS. More significantly, however, the assessments of the various physicians considered by the ALJ contained conflicting opinions regarding any functional limitations attributable to CTS—with medical expert Dr. Sonka-Maarek, consulting physiatrist Dr. Madireddi, reviewing physician Dr. Tambellini, and one of Morillas's own treating physicians, Dr. Louie, providing evidence that supports the ALJ's finding of no significant limitations on non-overhead reaching, handling, or fingering. Only the physician who examined her in 2002 in connection with her worker's compensation claim, Dr. Nayak, and one of her two principal treating physicians, Dr. Folan, opined that she was precluded from performing work involving those functions. It is the province of the ALJ, not

7

this court, to resolve such conflicts in the evidence, and we will not disturb the ALJ's findings if they are supported by substantial evidence. *Magallanes*, 881 F.2d at 750.

The ALJ also reasonably discounted Morillas's testimony about the side-effects of her medications. Nothing in the medical records reflected any complaint to her health providers that her medications made her drowsy, and there was no evidence of any assessed functional limitation from her medications. In these circumstances, the ALJ is not obligated to include such complaints in hypotheticals. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (because the claimant never raised the issue of fatigue with his doctors, the ALJ properly limited the hypothetical to the medical assumptions supported by the record); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) (claimant produced no clinical evidence showing medications impaired his ability to work).

After careful consideration of both the adverse and supporting evidence in this record, we conclude that the ALJ properly found that Morillas did not have any significant functional limitations as a result of CTS or side-effects from her pain medications and did not err in excluding these factors from the hypotheticals posed to the VE. We further conclude that the ALJ's finding at Step Five was supported by substantial medical evidence that Morillas's impairments would not

8

preclude frequent reaching, handling, or fingering, and the testimony of the VE that a person with her assessed limitations can perform the sedentary, semi-skilled job of "check cashier."

## IV.

For all the foregoing reasons, the judgment of the district court is AFFIRMED.