**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENEVIEVE A. ANTONIEWICZ, Henry
W. Antoniewicz Deceased Wage Earner,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Defendant - Appellee.

No. 08-56374

D.C. No. 2:05-cv-08234-PA-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 10, 2009
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON,[**] District
Judge.

Genevieve Antoniewicz ("Claimant") timely appeals from a judgment of the

district court affirming a final decision by which the Commissioner of Social

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Security ("Commissioner") denied her application for Parent's Insurance Benefits on account of her son, Henry Antoniewicz ("Decedent"), who was a fully insured wage earner at the time of his death, at age 52, in August 1998.

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to our disposition of the claims of error raised on appeal.

## II.

We review *de novo* a district court judgment affirming a final order of the Commissioner. *See Gillett-Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir. 2004). Our review of the Commissioner's decision is essentially the same as that undertaken by the district court. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

When reviewing factual determinations by the Commissioner, acting through an ALJ, we affirm if substantial evidence supports the determinations. *See*

*Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).  In determining whether substantial evidence supports the Commissioner's decision, we review the record as a whole and consider adverse as well as supporting evidence.  *Green v. Heckler,* 803 F.2d 528, 529-30 (9th Cir. 1986).

### III.

Claimant had the burden of presenting evidence within her control to show that she is eligible for benefits, *see* 20 C.F.R. §§ 404.370(f), 404.704, 404.750, as well as the ultimate burden of proving her entitlement to benefits.  *Tidwell*, 161 F.3d at 601.  It is, however, the ALJ's duty to ensure that the record is fully and fairly developed, even when the claimant is represented by counsel.  *Celaya,* 332 F.3d at 1183.   It is also the ALJ's duty to resolve conflicts and ambiguities in the evidence.  *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  When the evidence is susceptible to more than one rational interpretation, and one is provided, the ALJ's conclusion must be upheld.  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997).

In this case, the Commissioner's decision was based on an ALJ's finding

-3-

that Claimant did not carry her burden of proving her entitlement to benefits. In particular, the ALJ found that Claimant failed to prove her son had "self-employment" income in amounts sufficient to establish that she was receiving at least one-half of her support from him during the relevant time period prior to his death, as required to establish her entitlement to Parent's Insurance Benefits. 42 U.S.C. § 402(h)(1)(B)(i); 20 C.F.R. §§ 404.366(b), 404.370(f). We conclude that the ALJ's finding on this issue is supported by substantial evidence.

First, Decedent did not report any self-employment income on his 1997 tax return; he only reported it on his 1998 tax return, and even then he reported a net business loss. Second, the ALJ directed Claimant's counsel to produce bank records showing the earnings, but at the hearing counsel admitted she had not even attempted to obtain such records, claiming all of the clients for whom Decedent performed computer repairs and handyman services had paid him in cash that was never deposited in the bank. Third, there was testimony that Decedent had many personal expenses, so it was unclear whether any self-employment income was actually available for Claimant's support. Finally, Claimant did not allege or submit proof of the self-employment income within two years of her son's death, as required by 42 U.S.C. § 402(h)(1)(B)(ii), despite having been represented by counsel during that period, and did so only after the Appeals Council indicated that

it intended to overrule an earlier ALJ's decision granting her application for Parent's Benefits.

Claimant contends, however, that the ALJ abused his discretion by failing to subpoena five individuals who submitted declarations and work orders showing they had paid her son over $11,000 in cash, for computer repairs, painting, and other handyman services during the period August through November 1997.[1] We disagree. As noted, it is the ALJ's duty to fully and fairly develop the record in a Social Security benefits case: "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Subpoenaing witnesses is not, however, the only way to develop the record. *Id.* (the ALJ may discharge his duty to develop the record in several ways, including subpoenaing witnesses, submitting questions to the claimant's witnesses, continuing the hearing, or keeping the record open after hearing to allow supplementation of the record).

---

[1] In her briefs on appeal, Claimant asserts that she asked the ALJ to subpoena the five declarants, but does not point to anything in the administrative record to demonstrate that she did so. We note that Claimant made the same assertion in the district court, in her objections to the magistrate's report, but there is no indication that she ever made a written request for a subpoena, as required by 20 C.F.R. § 404.950(d)(2).

-5-

Contrary to Claimant's assertion, the ALJ did not fail in his duty to develop the record. He wrote to each of the five declarants requesting bank statements showing the source of funds for payments they made to Decedent. When he received no response, he sent a second request to each declarant. Ultimately, he received three replies, with each declarant reiterating that they had paid Decedent in cash and that they had no relevant bank records. Claimant's daughter, who was also one of the five declarants, testified at the hearing that she, too, had paid in cash and that she did not know whether her brother's work orders included his costs for materials.

Even if the ALJ erred in failing to subpoena the five declarants, however, there is no reason to believe the result in this case would have been any different if he had done so. A "decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Although the ALJ and the Appeals Council obviously entertained some doubts about the amounts of cash received and expenses incurred in Decedent's "side business," the ALJ did not find that the declarants or the bills in question were inherently unreliable. Rather, in concluding that Claimant had not carried her burden of proving entitlement to Parent's Insurance Benefits, the ALJ relied primarily on Decedent's tax returns, and Claimant's failure to demonstrate that any of the

money he allegedly earned was income available for her support.

In sum, the evidence in the administrative record was susceptible to more than one rational interpretation, and the ALJ adequately explained his findings. Regardless of what the declarants might have said if subpoenaed, there was substantial evidence supporting the ALJ's findings and the Commissioner's decision to deny Claimant's application for Parent's Insurance Benefits. *See Sandgathe,* 108 F.3d at 980.

## IV.

For all the foregoing reasons, the judgment of the district court is **AFFIRMED.**